IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LESLIE LEANNE LATTERELL,

                     Plaintiff,                       OPINION AND ORDER

v.

                                                   23-cv-735-wmc

STEPHANIE LEE PRIOLO,

                     Defendant.

---

Plaintiff Leslie Latterell filed this lawsuit alleging that defendant Stephanie Priolo intercepted electronic communications on plaintiff's computer in violation of 18 U.S.C. §§ 2510-2522. This order addresses Latterell's renewed request for a subpoena to depose a nonparty witness. Dkt. 36. For the reasons below, Latterell's request is DENIED without prejudice with leave to refile a motion for the issuance of a subpoena for a nonparty witness to appear at trial.

RELEVANT PROCEDURAL BACKGROUND

This case has been pending for almost 18 months with discovery set to close on April 18, 2025, and trial scheduled for June 2, 2025, less than two months away. Latterell has previously sought this court's assistance in compelling witnesses to participate in depositions. Latterell's first request to compel a deposition was filed in May 2024, when she asked the court to force defendant Priolo to appear for a deposition and answer her questions. Dkt. 23. The court granted this request pursuant to Federal Rule of Civil Procedure 30(a)(1), entitling plaintiff to take defendant's deposition. Dkt. 24. Latterell's second request was filed on April 2, 2025, when she asked this court to issue a subpoena

to compel a nonparty witness to subject themselves to a deposition. Dkt. 30. The court denied that request because plaintiff had not submitted an affidavit to satisfy this court's issuance requirements. Dkt. 33. On April 8, 2025, Latterell renewed her motion asking this court to issue a subpoena to depose Dala Fisher on April 17, 2025. Dkt. 36.

Latterell describes Fisher as a "non-party witness with knowledge of facts relevant to the claims and defenses in this case." Dkt. 36-1. Latterell first tried to contact Fisher the week of March 31. After making contact, Fisher would not coordinate a time for a deposition and indicated that she would not appear voluntarily. *Id.* Latterell has made arrangements with a process server to serve Fisher with a subpoena, should it be issued, and is prepared to tender a check payable to Fisher to cover witness fees, milage, and, if necessary, reasonable expenses related to an overnight stay. *Id.*

## ANALYSIS

Federal Rule of Civil Procedure 45 governs subpoenas and provides protections for nonparties by requiring the party responsible for issuing and serving a subpoena to take "reasonable steps" to avoid imposing "undue burden" and expense on nonparties. In addition, the party requesting the subpoenas must be prepared to pay for service, the applicable witness and court reporter fees, and the costs associated with producing documents in response to a subpoena.

Plaintiff's subpoena request has a few issues. First, plaintiff's subpoena request is untimely. Although plaintiff states that this deposition is scheduled for April 17, 2025, the day before discovery ends, she does not explain how she will be able to provide service to defendant in a timely manner and she has no assurances that defendant can comply

with the date and time that plaintiff appears to have unilaterally selected. Moreover, plaintiff has not explained why she delayed until the eve of the discovery deadline to attempt to depose Fisher.

Additionally, plaintiff has not satisfied this court that she has fulfilled Rule 45's requirement to take reasonable steps to prevent an undue burden on Fisher. Plaintiff reports that she attempted to contact Fisher to schedule a voluntary deposition. But she offers only a bare assertion as to why Fisher must be deposed in the first place. *See* Dkt. 36-1 (describing Fisher as a "non-party witness with knowledge of facts relevant to the claims and defenses in this case"). With only this vague statement, the court cannot attempt to make a determination on whether there are other less burdensome methods that plaintiff could use to acquire the same information. For the above reasons, plaintiff's motion for the issuance of a subpoena to depose Fisher is DENIED.

That said, plaintiff has leave to file a motion for the issuance of a subpoena to have Fisher appear at trial. In her motion, plaintiff should be careful to comply with the deadlines for this request set in the court's preliminary pretrial packet. Dkt. 31-2, at 50. Plaintiff should be as specific as possible when articulating why Fisher's testimony is necessary to prove plaintiff's case.

ORDER

IT IS ORDERED that:

1) Plaintiff's renewed motion for issuance of subpoena for the deposition of Dala Fisher, dkt. 36, is DENIED without prejudice and with leave to refile a motion for issuance of subpoena for the appearance of Dala Fisher as a witness at trial.

Entered April 11, 2025.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge